IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN KENARD BINES,            )
                                )
            Petitioner,          )
                                )
      v.                         )     1:11CV949
                                )     1:10CR234-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion [Doc. #25, #31] by Petitioner Steven Kenard Bines, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court on September 2, 2010, of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). At his sentencing hearing on March 30, 2011, Petitioner's advisory Guidelines range, based on his status as a career offender under USSG § 4B1.1, was 262 to 327 months of imprisonment. However, the presiding Judge varied downward and sentenced Petitioner to 240 months imprisonment, which was also the statutory mandatory minimum sentence following the filing of an Information of Prior Conviction under 21 U.S.C. § 851 by the Government. Following an unsuccessful appeal, Petitioner filed the present Motions [Doc. #25, #31].

In his Motion, Petitioner essentially raises four claims for relief. The first claim contends that he received ineffective assistance of counsel because his attorney did not object to the use of his prior convictions to enhance his sentence. The second claim alleges that his attorney was

also ineffective in not challenging the fact that he was charged in a "one man conspiracy." The third claim alleges that Petitioner's sentencing enhancement under § 851 was invalid. As Petitioner makes clear in a supporting brief, this claim is a reference to the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In this claim, Petitioner contends that his sentence is now invalid because the Information of Prior Conviction was based on a state conviction that was not punishable by more than one year of imprisonment as defined in Simmons. Finally, Petitioner also argues that he should be resentenced under the Fair Sentencing Act of 2010 (hereinafter FSA) in light of the decision of the Supreme Court in Dorsey v. United States, 132 S. Ct. 2321 (2012).[1]

The Government initially filed a Response [Doc. #43] arguing that Petitioner's Motion was without any merit as to his first and second claims for relief, and was time-barred and barred by a waiver contained in his plea agreement as to his third claim for relief. The Government also stated that Petitioner's claim under the FSA should proceed separately under 18 U.S.C. § 3582(c)(2). The Government later filed a Supplemental Response [Doc. #50], agreeing that the prior offense alleged in the Information of Prior Conviction would not constitute a felony after Simmons, but nevertheless opposing relief as to that claim and contending that the FSA claim should be denied on the merits. However, the Government subsequently filed an Amended Supplemental Response [Doc. #62], conceding that Petitioner was entitled to relief under § 2255 and should be resentenced. Specifically, the Government noted that Petitioner

---

[1] Petitioner originally filed his FSA-related claims as a Motion under 18 U.S.C. § 3582(c) [Doc. #25]. However, after he clarified the basis for his claims, those pleadings were construed by the Court as part of the present Motion under § 2255. (See Order [Doc. #47].)

would be entitled to relief under the FSA because he was sentenced after August 3, 2010, and should have been subject to sentencing under 21 U.S.C. § 841(b)(1)(B) rather than 21 U.S.C. § 841(b)(1)(A). See Dorsey v. United States, 132 S. Ct. 2321 (2012). In addition, the Government further agreed that Petitioner would be entitled to relief on his challenge to the Information of Prior Conviction under Simmons. Finally, the Government also elected not to enforce the appeal waiver in the plea agreement signed by Petitioner that might otherwise apply to bar relief, and requested that the Court address the merits of Petitioner's claims.

Petitioner, through counsel, filed a Supplemental Reply [Doc. #63] stating that he agreed that he should be resentenced under the FSA and that Simmons invalidates the § 851 enhancement. Petitioner subsequently filed a Second Supplemental Reply [Doc. #66] explicitly withdrawing his second claim for relief challenging his conviction, and requesting that the Court consider the Government's concessions as to his claims regarding his sentence.

In considering the issues that have now been presented, the Court notes first that the Government concedes that the FSA should be applied to Petitioner and that Petitioner should be resentenced in accordance with the FSA and Dorsey. Although the law was unsettled on this point for a period of time, the United States Supreme Court has concluded that the FSA applies to individuals, like Petitioner, who were sentenced after August 3, 2010, even if the underlying conduct occurred prior to that date. See Dorsey v. United States, 132 S. Ct. 2321 (2012). In considering what relief is available in light of Dorsey, the Court notes that a Motion under 28 U.S.C. § 2255 may challenge a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Other courts in this circuit have granted relief under § 2255 for individuals sentenced after August 3, 2010, who raise meritorious FSA-related claims based on Dorsey. See, e.g., Lawe v. United States, 905 F. Supp. 2d 744 (E.D.Va. 2012); Gatlin v. United States, Civil No. 4:11-3313, Cr. No. 4:10-203, 2012 WL 4473116 (D.S.C. Sept. 26, 2012); United States v. Williams, Cr. No. 3:10-580, 2012 WL 3467999 (D.S.C. Aug. 15, 2012). Further, the Fourth Circuit has held that when relief is available under § 2255, the district court is authorized to conduct a resentencing if appropriate. See United States v. Hadden, 475 F.3d 652, 668 (4th Cir. 2007). In this case, the Government concedes that relief should be granted under § 2255 and that Petitioner should be resentenced under the FSA.[2] In light of that concession, and having considered the information presented and the position of the Government, this Court will recommend that Petitioner's Motion be granted as to his FSA claim, that his sentence be vacated, and that the matter be set for a resentencing hearing.[3]

---

[2] Thus, the Government has taken the position that Dorsey applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Government's position would include claims by defendants such as Petitioner who were sentenced under 21 U.S.C. § 841(b)(1)(A), but who would have been convicted and sentenced under 21 U.S.C. § 841(b)(1)(B) had the Fair Sentencing Act been applied to their case. The Court further notes that the Government has agreed that relief should be granted in this case, even though Petitioner's sentence of 240 months was below the otherwise-applicable statutory maximum of 40 years that would apply even with the application of the Fair Sentencing Act and the removal of the § 851 enhancement. The Court will proceed on the basis of this concession, taking it as the position of the Government that the sentence was in violation of the laws of the United States or is "otherwise subject to collateral attack" under 28 U.S.C. § 2255 in these circumstances.

[3] As noted above, the Government also concedes that the Information of Prior Conviction filed under § 851 is no longer valid in light of United States v. Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction cited in the Information of Prior Conviction. According to the state court documents submitted,

The Court notes that there are also pending Motions [Doc. #24, #46] seeking an appointment of counsel on Plaintiff's § 2255 Motion. Counsel was appointed in connection with Petitioner's <u>Simmons</u> claims, and counsel will be appointed for any resentencing. Therefore, the prior Motions for appointment of counsel are moot.[4]

IT IS THEREFORE ORDERED that Petitioner's Motions for Appointment of Counsel [Doc. #24, #46] are DENIED for being moot.

IT IS RECOMMENDED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. #25, #31] be GRANTED, as set out herein, as to Petitioner's claim under the Fair Sentencing Act, and as such, that the Judgment [Doc. #17] be vacated and that this matter be set for resentencing.

This, the 5th day of September, 2013.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge

---

Petitioner's prior conviction set out in the Information was a Class I felony with a prior record level of IV, and the maximum sentence he faced for that offense under North Carolina law, as analyzed in <u>Simmons</u>, was less than 12 months. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). However, the Government nevertheless contends that Petitioner is still a career offender under the Sentencing Guidelines, although the Government concedes that Petitioner's original sentence constituted a variance from the Guidelines to the then-applicable statutory mandatory minimum. In light of the Government's concession of Petitioner's Fair Sentencing Act claim and its agreement that he should be resentenced based on the FSA claim, there is no need for the Court to rely on or otherwise further resolve any additional sentencing issues, and those issues can be addressed as appropriate by the parties at Petitioner's resentencing.

[4] The Court notes that Petitioner has also filed a separate Motion to Reduce Sentence under 18 U.S.C. § 3582 [Doc. #52], which would also appear to be moot if this matter is set for resentencing.